O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7146 PSG (SSx) | Date | May 21, 2010 |
|---|---|---|---|
| Title | Patrick D. Quiroz v. Mistras Group, Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order re: Remand**

On September 4, 2009, Plaintiff Patrick D. Quiroz ("Plaintiff") filed a class action in Los Angeles Superior Court against Defendants Mistras Group, Inc., Conam Inspection and Engineering Services, Inc., and Mistras Holdings Group (collectively, "Defendants"). On October 1, 2009, Defendants removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On March 12, 2010, the Court denied Plaintiff's Motion for Class Certification, striking the class allegations and requesting supplemental briefing on whether the case should be remanded to state court. For the following reasons, the Court retains subject matter jurisdiction over the case.

After briefing on the issue was complete, the Ninth Circuit held that "continued jurisdiction under § 1332(d) does not depend on certification." *United Steel v. Shell Oil Co.*, 2010 WL 1571190, at *4 (9th Cir. Apr. 21, 2010) (quotations and citation omitted). Thus, "[i]f a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court." The question remains, however, whether the case was properly removed under CAFA in the first place. *See id.* at *9 n.3 (noting an exception for "when there was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the start" (citation omitted)).

CAFA establishes federal subject matter jurisdiction over interstate class actions involving at least 100 class members and at least $5 million in controversy. 28 U.S.C. 1332(d)(2), 1332(d)(5)(B). Plaintiff argues that Defendants failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement under CAFA was

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7146 PSG (SSx) | Date | May 21, 2010 |
|---|---|---|---|
| Title | Patrick D. Quiroz v. Mistras Group, Inc. *et al.* | | |

ever met.  *See Pl.'s Br.* 4:4-6; *id.* at 7:14-15 ("[T]here never was $5,000,000 in controversy and there never was a basis for jurisdiction under CAFA.").[1]  The Court finds, however, that Defendants have provided sufficient information to conclude that the Court had jurisdiction over the action when the case was removed.

If the jurisdictional amount in controversy is not facially apparent from the complaint, then the court must look beyond the facts of the complaint and apply the preponderance of the evidence standard.  *See Lowdermilk v. U.S. Bank Nat. Ass'n,* 479 F.3d 994, 998 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Accordingly, the removing defendant must prove by a "preponderance of the evidence" that the amount in controversy requirement has been satisfied.  *See Sanchez*, 102 F.3d at 404 ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir.2006) (applying the preponderance of the evidence standard to complaints filed under CAFA that do not specify a particular amount in controversy).

Plaintiff primarily contends that the $5,000,000 jurisdictional minimum under CAFA was not met because Defendants exaggerated the potential unpaid wages of the putative class.  Specifically, Plaintiff alleges that Defendants erroneously assumed that every putative class member earned the same annual salary as Plaintiff—$90,000 as a management level employee. *See Pl.'s Br.* 5:9-11.  In contrast, Plaintiff claims that the "overwhelming number of class members are hourly employees" and that "Defendants have never produced any evidence that the average class member earns anything close to the $90,000 salary that they used for the baseline in calculating an astronomical 'amount in controversy' in their Notice of Removal." *Id.* 5:13-16.

Defendants argue that the putative class contains at least 237 members.  *See Defs.' Reply* 2:15-19 (citing *Waldo Decl. in Support of Mot. for Class Certification* ¶ 27).  Plaintiff's class claims amounted to more than $5,000,000, even excluding other penalties, attorneys' fees, and punitive damages.  First, Plaintiff's claim for unpaid wages under Cal. Lab. Code § 204 includes civil penalties of $100 for each initial violation, $200 for each subsequent violations, and 25 percent of the amount unlawfully withheld.  *See* Cal. Lab. Code § 210.  Even assuming that all

---

[1] Plaintiff does not contend that the class action involved less than 100 putative members at the time of removal, and the original complaint claimed that "Plaintiff believes that there are more than 100 members of these classes."  *See Compl.* ¶ 32.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7146 PSG (SSx) | Date | May 21, 2010 |
|---|---|---|---|
| Title | Patrick D. Quiroz v. Mistras Group, Inc. *et al.* | | |

237 putative class members earned a minimum wage, the amount in controversy would be $3,427,020.[2] Second, for Plaintiff's conversion claim, even at minimum wage, one year of alleged unpaid wages for 237 putative class members amounts to $3,943,680.[3] Third, Plaintiff's claim for penalties under Cal. Lab. Code § 226 ($4000 per employee) is for at least $948,000.[4] Therefore, in sum, Defendants have demonstrated that the amount in controversy was at least $8,318,700, which satisfies the jurisdictional minimum requirement under CAFA. Accordingly, the Court retains jurisdiction over this action.

    **IT IS SO ORDERED.**

---

[2] $23,700 [$100 (initial violation penalty under § 210) x 237 (class members)] + $2,417,400 [$200 (subsequent violations penalty under § 210) x 237 (class members) x 51 (pay periods per year minus the initial pay period)] + $985,920 [$8 (minimum wage) x 40 (hours per week) x 52 (pay periods per year) x 237 (class members) x 25% (penalty under § 210)] = $3,427,020. *See Defs.' Reply* 3:2-15. Defendants arrive at a sum of $3,403,320, *see id.* 2:8, but this figure does not include the initial violation penalty of $100 x 237 ($23,700).

[3] $8 (minimum wage) x 40 (hours per week) x 52 (pay periods per year) x 237 = $3,943,680. *See Defs.' Reply* 3:23-26.

[4] $4000 (maximum penalty under § 226) x 237 (class members) = $948,000. *See Defs.'* 3:16-22.